# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

RACHEL BEIDARI RAJPUT, )
 )
    Plaintiff )
 ) **Case No.:**
  v. )
 ) **COMPLAINT AND DEMAND FOR**
CREDIT ONE FINANCIAL d/b/a ) **JURY TRIAL**
CREDIT ONE BANK, )
 )
    Defendant )

## COMPLAINT

RACHEL BEIDARI RAJPUT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE FINANCIAL d/b/a CREDIT ONE BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Harrisburg, Pennsylvania 17112.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around July 2014, and continuing through September 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and

continuous basis.

14. During the relevant period, Defendant called Plaintiff on her cellular telephone multiple times a day.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system or automatic or pre-recorded messages.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In or around July 2014, Plaintiff revoked consent previously given to Defendant to place telephone calls to her cellular telephone number.

18. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

19. Despite having revoked consent to call her cellular telephone, Defendant persisted in calling Plaintiff on her cellular telephone.

20. For example, Defendant contacted Plaintiff on her cellular telephone at the following dates: August 27, 2014, at 2:43 p.m., 3:31 p.m., 4:19 p.m., and 4:53 p.m.; August 28, 2014, 1:01 p.m.; August 29, 2014, 8:26 a.m., 8:58 a.m., 9:31 a.m., 10:10 a.m., 10:42 a.m., 11:15 a.m., 2:18 p.m., 2:39 p.m., 2:56 p.m., 3:27 p.m., 3:58 p.m., and 4:29 p.m.; August 30, 2014, at 10:17 a.m., 10:51 a.m., 11:23 a.m., 1:00 p.m., 1:53 p.m., 5:37 p.m., 6:11 p.m., and 8:38 p.m.; August 31, 2014, at 12:30 p.m., 1:03 p.m., 1:35 p.m., and 2:14 p.m.; September 1, 2014, at 2:37 p.m., 3:15 p.m., 3:46 p.m., 4:23 p.m., 4:56 p.m. and 5:27 p.m.; and September 2,

2014, at 1:16 p.m., 3:44 p.m., and 4:31 p.m.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, in and after July 2014, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RACHEL BEIDARI RAJPUT, respectfully prays for a judgment as follows:

      a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

      e.    Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RACHEL BEIDARI RAJPUT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 23, 2015      KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com