**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RACHEL BEIDARI RAJPUT,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:15-cv-00807** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **CREDIT ONE FINANCIAL d/b/a** | : | |
| **CREDIT ONE BANK,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the Court is Defendant Credit One Bank's motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and to compel arbitration. (Doc. No. 6.) For the reasons that follow, the Court will deny Defendant's motion and allow arbitration-related discovery prior to resolving Plaintiff's complaint.

## I. BACKGROUND

On April 23, 2015, Plaintiff Rachel Beidari Rajput initiated the above-captioned action against Defendant Credit One Bank, alleging that Defendant violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by using an automated telephone dialing system to call her cellular phone after she revoked her prior consent to be contacted. (Doc. No. 1.) Defendant allegedly called Plaintiff's cellular phone on "a repetitive and continuous basis" from July 2014 through September 2014. (Id. at ¶¶ 13, 20.) Plaintiff seeks injunctive relief, actual damages, statutory damages, and "treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)." (Id. at 5.)

Defendant moves the Court to dismiss the lawsuit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1). (Doc. No. 7 at 1.) Alternatively, Defendant moves to stay these proceedings pending

arbitration. (Id.) Defendant argues that Plaintiff's claims are "subject to arbitration pursuant to the underlying credit card agreement for the credit card account at issue." (Doc. No. 7 at 1.)

In support of its motion to dismiss and compel arbitration, Defendant attaches the affidavit of Gary Harwood, Vice President of Portfolio Services for Defendant ("Harwood Affidavit"), (Doc. No. 7-1), and a "Visa/MasterCard Cardholder Agreement Disclosure Statement and Arbitration Agreement" ("Cardholder Agreement") (Doc. No. 13-1). The Harwood Affidavit states, inter alia, that (1) Plaintiff opened a credit card account with Defendant on November 12, 2013; (2) the Cardholder Agreement governs the account; and (3) Defendant enclosed a copy of the Cardholder Agreement when it mailed Plaintiff the credit card. (Doc. No. 7-1 at 2-4.) The attached Cardholder Agreement provides, in relevant part, that: "You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us … be submitted to mandatory, binding arbitration." (Doc. No. 13-1 at 7.) On July 7, 2015, Plaintiff filed a brief in opposition to Defendant's motion to dismiss and compel arbitration. (Doc. No. 8.)

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides the "body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes" and expresses a "strong federal policy in favor of resolving disputes through arbitration." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 522 (3d Cir. 2009). Even in light of the FAA, however, arbitration is "strictly a matter of contract." Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 444 (3d Cir. 1999). "If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." Id. "Thus, in deciding whether a party may be compelled to arbitrate under the FAA, we first consider '(1) whether there is a

valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement.'" Flintkote Co. v. Aviva PLC, 769 F.3d 215, 220 (3d Cir. 2014) (quoting Century Indem., 584 F.3d at 527).

As to the first question, the United States Court of Appeals for the Third Circuit has recently clarified "the standard for district courts to apply when determining whether, in a specific case, an agreement to arbitrate was actually reached." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013). In effect, to determine whether there is a valid agreement to arbitrate, a district court "must initially decide whether the determination is made under Fed.R.Civ.P. 12(b)(6) or 56." Sanford v. Bracewell & Guiliani, LLP, No. 14-1763, 2015 WL 4035614, at *2 (3d Cir. July 2, 2015). The Rule 12(b)(6) standard is appropriate where "it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause.'" Guidotti, 716 F.3d at 776; accord Sanford, 2015 WL 4035614, at *2. In such cases, a court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Guidotti, 716 F.3d at 772 (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).

In contrast, the Rule 56 standard is appropriate: (1) where "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate," or (2) where "the opposing party has come forth with reliable evidence that is more than a naked assertion ... that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did." Guidotti, 716 F.3d at 774; accord Sanford, 2015 WL 4035614, at *2. In such cases, the district court

should allow limited discovery on the question of arbitrability before "entertaining [the] motion [to compel arbitration] under a summary judgment standard." Guidotti, 716 F.3d at 780.

## III. DISCUSSION

In the present matter, Defendant argues that a valid agreement to arbitrate exists and the dispute falls within the scope of that agreement. (Doc. No. 7 at 6-7.) Plaintiff counters that Defendant has failed to meet its evidentiary burden to prove that an agreement to arbitrate exists. (Doc. No. 9 at 16-19.) As discussed above, to determine whether there is a valid agreement to arbitrate, the Court "must initially decide whether the determination is made under Fed.R.Civ.P. 12(b)(6) or 56 and thus, what materials [the Court] may consider." Sanford, 2015 WL 4035614, at *2. Therefore, the Court will first turn to whether "arbitrability [is] apparent on the face of the complaint." Guidotti, 716 F.3d at 774; see Thomas Global Grp., LLC v. Watkins, No. 13-04864, 2014 WL 1371719, at *6 (D.N.J. Apr. 8, 2014).

Here, the complaint does not reference an arbitration clause or, in fact, any written agreement between Defendant and Plaintiff. (Doc. No. 1.) In fact, neither party contends that the complaint establishes arbitrability on its face. (See Doc. Nos. 6; 7.) At most, the complaint states that Plaintiff previously gave Defendant consent to "place telephone calls to her cellular telephone number." (Doc. No. 1 at ¶ 17.) Thus, because arbitrability is not "apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record." Sanford, 2015 WL 4035614, at *2 ("If the motion to compel arbitration is not based on a complaint 'with the requisite clarity' to establish arbitrability … resort to discovery and Rule 56 is proper."); see, e.g., Green v. Netsuite, Inc., No. 15-2318, 2015 WL 6151270, at *3 (D.N.J. Oct. 19, 2015); Porreca v. Rose Grp., No. 13-1674, 2013 WL 6498392, at *7 (E.D. Pa. Dec. 11, 2013) (applying the Rule 56 standard where "Complaint did not make clear

that the parties' dispute was subject to arbitration and Plaintiffs put forth evidence suggesting that the agreement to arbitrate was unconscionable").

Furthermore, even assuming arguendo that Defendant's two supporting exhibits – the Harwood Affidavit and Cardholder Agreement – are documents on which Plaintiff's claims are based, review of the motion to compel arbitration under the Rule 12(b)(6) standard is not warranted. Sanford, 2015 WL 4035614, at *2. When reviewing a Rule 12(b)(6) motion to dismiss, the court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); see Guidotti, 716 F.3d at 772. Here, Plaintiff does not concede the authenticity of either the Harwood Affidavit or the Cardholder Agreement,[1] (see Doc. Nos. 1; 8), and the attached Cardholder Agreement does not reference Plaintiff's name or purported account number (Doc. No. 13-1.) Therefore, even if the Harwood Affidavit or the Cardholder Agreement constitute documents on which Plaintiff's claims are based, the documents are not "undisputedly authentic" and, thereby, fail to establish arbitrability "with the requisite clarity" to warrant review of the motion under the Rule 12(b)(6) standard. See Guidotti, 716 F.3d at 774; GGNSC Equity Holdings, LLC v. Breslin, No. 14-450, 2014 WL 5463856, at *6 (M.D. Pa. Oct. 27, 2014) (finding that the 12(b)(6) standard was not appropriate where the purported ADR agreement attached to the motion to compel was "not undisputedly authentic").

[1] Plaintiff contends that "not only does Defendant fail to present any evidence of a contract, but it also fails present any evidence that Plaintiff signed any arbitration agreement." (Doc. No. 8 at 17.) Specifically, Plaintiff points to the fact that that "Defendant provides no documentation showing Plaintiff's written acceptance of the terms and conditions of a credit card, any use or the credit card, and/or any payments on the account." (Id. at 19.) Furthermore, Plaintiff contends that "even if an arbitration clause existed, such clause is unconscionable and therefore unenforceable." (Id. at 19-21.)

Therefore, the Court will deny Defendant's motion to dismiss and compel arbitration. The parties are "entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question."[2] Guidotti, 716 F.3d at 772, 776.

## IV. CONCLUSION

Accordingly, the Court will deny Defendant's motion to dismiss and compel arbitration. An order consistent with this memorandum follows.[3]

---

[2] The Third Circuit has specified the next steps in addressing the issue of arbitrability: "[A] restricted inquiry into factual issues will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate, and the non-movant must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement." Guidotti, 716 F.3d at 774.

[3] On October 21, 2015, Defendant submitted the aforementioned "Visa/MasterCard Cardholder Agreement Disclosure Statement and Arbitration Agreement" ("Cardholder Agreement") as an exhibit in an errata sheet. (Doc. No. 13.) On November 13, 2015, Plaintiff filed a motion for leave to file a response to Defendant's "Errata Sheet." (Doc. No. 14.) In light of the Court's disposition of the present motion, the Court will deny as moot Plaintiff's motion for leave to file a response to Defendant's "Errata Sheet." (Id.)